Filed 4/27/26  P. v. Easley CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ISAIAH REI EASLEY,<br><br>      Defendant and Appellant.</td><td>A173558<br><br><br>(Humboldt County<br>Super. Ct. No. CR2400497)</td></tr>
</table>

Isaiah Easley appeals from a judgment of conviction and sentence after he entered a guilty plea to criminal threats (count 2; Pen. Code, § 422)[1] and admitted a personal-use-of-a-firearm enhancement within the meaning of section 12022.5, subdivision (a).  Defendant was sentenced pursuant to the negotiated plea agreement after the trial court denied his motion to withdraw his plea.  Defendant filed a notice of appeal challenging the validity of his plea and requested a certificate of probable cause.  The trial court granted defendant's request for a certificate of probable cause.  Defendant's appointed appellate attorney filed a brief asking that we independently review the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine if there is any arguable issue on appeal.  Counsel declared that defendant was notified a *Wende* brief was filed and that he could personally

_____

[1] All statutory references are to the Penal Code.

1

file a supplemental brief within 30 days raising any issues which he wished the court to consider. We received no response from defendant. We find no arguable issues, and we affirm.

## BACKGROUND

On August 23, 2024, the Humboldt County District Attorney charged defendant by information with assault with a semiautomatic firearm (§ 245, subd. (b); count 1) and criminal threats (§ 422; count 2). The information also alleged that in the commission of the offenses defendant personally used a firearm (§ 12022.5, subd. (a)) and that defendant was convicted of a prior strike in 2017 (§§ 667, subds. (b)–(i), 664, 211–213, subd. (b)). It further alleged multiple circumstances in aggravation.

On January 22, 2025, pursuant to a negotiated plea agreement, defendant pleaded guilty to count 2 and admitted the personal-use-of-a-firearm enhancement in exchange for 3–5 years' probation, including up to 365 days in county jail, a referral to drug court, and suspended sentences of three years on count 2, consecutive to 10 years for the firearm enhancement. The People also agreed to dismiss the remaining count. The preliminary hearing transcript provided the factual basis for the plea. Defendant initialed and signed a felony plea form with explanations and waivers of rights, which included defendant's acknowledgment that the court may consider the preliminary hearing transcript as proof of the factual basis of defendant's plea. The trial court confirmed defendant understood the terms of the plea, defendant did not need additional time to speak with his attorney, defendant understood the plea would constitute a second strike that could result in a future life sentence, and that if defendant were not successful on probation he would serve the 13-year suspended sentence. The

trial court found defendant knowingly and voluntarily waived his constitutional rights, and it accepted his plea.

The preliminary hearing included testimony of a police officer who investigated a report of an individual pointing a firearm at a victim on February 8, 2024, in Eureka. The victim told the police officer that defendant came to his residence and they argued over money owed to the victim for repairs made on defendant's fiancée's car. Defendant pointed a firearm at the victim and said, " 'Let's see what gonna happen.' " A witness came outside after overhearing the argument and saw defendant pointing a weapon at the victim and saying, " 'Come at me, bro.' " The witness pleaded for defendant to leave, and eventually he did so. The victim called the police, who responded within 15 or 20 minutes of the incident. Defendant later spoke with police and admitted he went to the victim's residence to talk with him about the disagreement over payment for the car repairs, but he denied having a firearm or pointing a firearm at anyone.

On April 22, 2025, defendant's trial counsel filed a motion to withdraw the plea.[2] The motion argued that defendant did not understand that he was admitting to the firearm enhancement.

At the April 29, 2025, hearing, defendant requested a *Marsden* hearing.[3] Defendant argued that his counsel failed to timely file the motion to withdraw his plea and that defendant felt emotional coercion during the

---

[2] The parties appeared for sentencing on March 25, 2025, and defense counsel stated he had filed a motion to withdraw the plea. Apparently, the motion had not been filed. Defense counsel provided the trial court with a copy of the motion, and the prosecutor suggested proceeding orally. However, the trial court continued the matter to allow it to review the transcript of the plea hearing.

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

3

plea negotiations based on a fear of missing time in his young daughter's life if he lost at trial. Defendant also stated he told his counsel that he would not plead to a firearm charge. The trial court denied the *Marsden* motion. It then heard argument on the motion to withdraw the plea, and after review of the transcript of the plea hearing, the trial court denied the motion, finding no clear and convincing evidence establishing mistake, ignorance, or other factors to overcome defendant's free exercise of judgment.

The trial court then sentenced defendant in accordance with the plea agreement. He was sentenced on count 2 to 180 days in jail and three years' probation, with suspended prison terms of three years plus 10 years for the firearm enhancement. The trial court also imposed a $3,900 restitution fine and imposed and stayed a $3,900 probation revocation restitution fine. It also imposed a $40 court operations assessment and a $30 criminal conviction assessment.

Defendant filed a notice of appeal challenging the validity of the plea. The trial court granted his request for a certificate of probable cause.

## DISCUSSION

Neither appointed counsel nor defendant has identified any issue for our review. A defendant must demonstrate good cause to withdraw a plea (§ 1018), which " 'means mistake, ignorance, fraud, duress or any other factor that overcomes the exercise of free judgment and must be shown by clear and convincing evidence.' " (*People v. Dillard* (2017) 8 Cal.App.5th 657, 665.) We review denial of a motion to withdraw a plea under the deferential abuse of discretion standard. (*Ibid.*)

We have independently reviewed the record. (*Wende, supra*, 25 Cal.3d at pp. 440–441.) We find there are no reasonably arguable appellate issues,

4

and we are satisfied that counsel has fully complied with his responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

## DISPOSITION

The judgment is affirmed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A173558/*People v. Isaiah Rei Easley*